# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2013

No. 12-41043
Summary Calendar

Lyle W. Cayce
Clerk

THOMAS LOUIS VANHOOK,

Plaintiff-Appellant

v.

THOMAS H. NELMS; JAMES K. JOHNSON,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:12-CV-60

Before JOLLY, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Thomas Louis VanHook, Texas prisoner # 1646479, has applied for leave to proceed in forma pauperis (IFP) in this appeal from the dismissal of his civil rights complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). By moving to proceed IFP, VanHook challenges the magistrate judge's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

VanHook contends that his right of access to the courts was denied when the defendant corrections officer seized legal materials that were pertinent to his direct criminal appeal. Although he was represented by counsel at the time of the seizure, VanHook contends that he had a right to respond to the *Anders*[1] brief filed subsequently by counsel.

VanHook makes no effort to show how he was prejudiced in his efforts to respond to the *Anders* brief by the seizure of his legal materials. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Nor has he shown that the magistrate judge considered improperly his disciplinary record or that she was unfairly biased. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

We conclude that VanHook has not shown that his appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Leave to proceed IFP on appeal is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We caution VanHook that the district court's dismissal of his complaint and this court's dismissal of this appeal both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). If he accumulates a third strike, VanHook will be barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).